**Edward Lee HOLLOWAY,
Plaintiff–Appellant,**

**v.**

**Albert OGUEJIOFOR, Dr.; P.A. Lynch; Carol Self, R.N.; Melody Morris, Avis Lopez; University of Texas System, Health Services Division; Charles Mullins, Dr., Vice Chancellor, Defendants–Appellees.**

No. 04–40246.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 20, 2004.

Edward Lee Holloway, # 744655, Texas Department of Criminal Justice Institutional Division Ramsey I Unit, Rosharon, TX, for Plaintiff–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Edward Lee Holloway, Texas prisoner # 744655, appeals the district court's dismissal as frivolous of his pro se, in forma pauperis, 42 U.S.C. § 1983 complaint. Holloway alleged that the defendants were deliberately indifferent to his serious medical needs when he had a heart attack.

Holloway's claim has an arguable basis in law. *See Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Stewart v. Murphy,* 174 F.3d 530, 533–534 (5th Cir.1999). Because Holloway's claim is not "based on an indisputably meritless legal theory," it is not frivolous, although it may ultimately be determined to be without merit. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Berry v. Brady,* 192 F.3d 504, 507 (5th Cir.1999). Accordingly, the district court's dismissal of this action as frivolous is VACATED and the case is REMANDED for further proceedings.

Additionally, our review of the record shows Holloway indicated in his complaint that he had not exhausted the prison's grievance procedure. Exhaustion of administrative remedies is a threshold requirement for the filing of a prisoner § 1983 action. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524–32, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Wendell*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Asher,* 162 F.3d 887, 890–91 (5th Cir. 1998). Therefore, on remand, the district court should make a determination whether Holloway has exhausted administrative remedies.

VACATED AND REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.